UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS FITTERER, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff(s),<br><br>　　　　-against-<br><br>RESURGENT CAPITAL SERVICES L.P.; CACH, LLC,<br><br>　　　　　　Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.　The mailing addresses of the parties to this action are:

　　THOMAS FITTERER
　　1910 Holbrook Street
　　Oakhurst, New Jersey 07755

　　RESURGENT CAPITAL SERVICES L.P.
　　15 S Main Street, Unit 400
　　Greenville, South Carolina 29601

　　CACH, LLC
　　55 Beattie Place
　　Greenville, South Carolina 29601

**PRELIMINARY STATEMENT**

2.　Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, RESURGENT CAPITAL SERVICES L.P. ("RESURGENT CAPITAL"); CACH, LLC ("CACH") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

Page **1** of **13**

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. RESURGENT CAPITAL maintains a location at 15 S Main Street, Unit 400, Greenville, South Carolina 29601.

8. CACH maintains a location at 55 Beattie Drive, Greenville, South Carolina 29601.

9. RESURGENT CAPITAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. CACH uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11. RESURGENT CAPITAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. CACH is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Classes are initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from RESURGENT CAPITAL in an attempt to collect on a judgment for any creditor where interest, costs and/or fees were still accruing on the judgment, but the initial letters and/or notices failed to advise that the balance was subject to increase.
>
> The class definitions may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50)

persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

 b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

  ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  iv. Whether Plaintiff and the Class are entitled to declaratory relief.

 c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

 d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to March 25, 2021, Plaintiff allegedly incurred a financial obligation to HSBC BANK NEVADA, N.A. ("HSBC BANK").

22. The HSBC BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff incurred the HSBC BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The HSBC BANK obligation did not arise out of a transaction that was for non-personal use.

25. The HSBC BANK obligation did not arise out of a transaction that was for business use.

26. The HSBC BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. HSBC BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. Upon information and belief, at some time prior to March 25, 2021, the HSBC BANK obligation was allegedly purchased by and/or sold to CACH LLC ("CACH").

29. At the time the HSBC BANK obligation was allegedly purchased by and/or sold to CACH, the obligation was in default.

30. The principal purpose of CACH is the collection of debts which are in default at the time it purchases the debts.

31. On or about March 4, 2016, CACH obtained a judgment against Plaintiff for the HSBC BANK obligation in the Superior Court of New Jersey, Monmouth County, Special Civil Part, Docket No.: DC-001679-13.

32. CACH obtained a judgment against Plaintiff for the HSBC BANK obligation in the amount of $8,272.73

33. At some time prior to March 25, 2021, CACH referred the HSBC BANK obligation to RESURGENT CAPITAL for the purpose of collection.

34. In an attempt to collect on the judgment, Defendants caused to be delivered to Plaintiff a letter dated March 25, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

35. The March 25, 2021 letter was sent to Plaintiff in connection with the collection of the HSBC BANK obligation.

36. The March 25, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37. The March 25, 2021 letter was the initial written communication that Plaintiff received from Defendant.

38. Upon receipt, Plaintiff read the March 25, 2021 letter.

39. The March 25, 2021 letter provides the following information regarding the balance claimed due on the HSBC BANK obligation:

Balance: $8,710.51

40. The March 25, 2021 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

41. The outstanding balance claimed to be due by Defendants on the HSBC BANK obligation as of March 25, 2021 included an amount for interest, fees and/or other charges.

42. The March 25, 2021 letter did not inform Plaintiff that the amount of the debt would increase due to interest and would likely increase due to costs and/or fees.

43. The March 25, 2021 letter did not inform Plaintiff that the amount of the debt included an amount for interest, costs and/or fees nor did it inform Plaintiff that interest, costs and/or fees were continuing to accrue on the HSBC BANK obligation.

44. The March 25, 2021 letter does not advise that the HSBC BANK obligation was subject to increase due to post-judgment interest that was accruing on the debt.

45. RESURGENT CAPITAL knew or should have known that its actions violated the FDCPA.

46. CACH knew or should have known that its actions violated the FDCPA.

47. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

  (b) Using unfair or unconscionable means to collect or attempt to collect any debt;

  (c) Making a false representation of the character or amount of the debt; and

(d) Failing to effectively convey the amount of the debt.

49. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

50. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

53. Defendants' letter would lead the least sophisticated consumer to believe that the amount due would not increase.

54. Defendants' attempt to collect the alleged debt as described herein violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10) and § 1692g(a)(1).

55. Defendants' attempt to collect the alleged debt without first effectively conveying the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10); and § 1692g(a)(1).

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the HSBC BANK obligation included an amount for interest, fees, attorney fees, other costs and/or charges.

59. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the HSBC BANK obligation was subject to increase due to interest, costs and/or fees.

60. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

61. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

62. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

63. Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to advise Plaintiff and others similarly situated that interest was continuing to accrue on the judgment obtained.

64. Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to advise Plaintiff and others similarly situated that court costs and/or fees were continuing to accrue on the judgment obtained.

65. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

67. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

68. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

69. Defendants violated 15 U.S.C. § 1692g(a)(1) by presenting the amount of the debt as a single lump sum.

70. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to provide a itemization of the obligation by principal, interest, attorney fees, other charges and/or credits.

71. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

72. Defendant RESURGENT CAPITAL is vicariously liable for any violations of the FDCPA that CACH committed as described herein.

73. Defendant CACH is vicariously liable for any violations of the FDCPA that RESURGENT CAPITAL committed as described herein. See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994); Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000).

74. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

75. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

76. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

77. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

78. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

79. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 19, 2021                                    Respectfully submitted,

By:   *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: October 19, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

PO Box 510090
Livonia MI 48151-6090

**RESURGENT**
*Capital Services*

PDTJA500201201

THOMAS FITTERER

Account Number: ************6854
Original Creditor: HSBC Bank Nevada, N.A.
Current Owner: CACH, LLC
Reference ID:
Balance: $8,710.51
Accountholder Name: Thomas Fitterer

March 25, 2021

Dear Thomas Fitterer,

Resurgent Capital Services L.P. manages the above referenced account for CACH, LLC and has initiated a review of the inquiry we recently received.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

**Please read the following important notices as they may affect your rights.**

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday

*Address*
PO Box 10497
Greenville, SC 29603


*Contact Numbers*
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0960


*Customer Portal*
Portal.Resurgent.com

14691897-INITIAL-CS

PDTJA5002012010120101010400