## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THOMAS FITTERER,

    Plaintiff,

      v.

RESURGENT CAPITAL SERVICES L.P.,
and CACH, LLC,

    Defendants.

Civil Action No. 21-19068 (RK) (JBD)

<u>**MEMORANDUM OPINION**</u>

<u>**KIRSCH, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants Resurgent Capital Services L.P. ("Resurgent") and CACH, LLC, ("CACH") (together, "Defendants"), seeking dismissal of Plaintiff Thomas Fitterer's ("Plaintiff") Complaint (ECF No. 1), for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 54.) Plaintiff filed a brief in opposition, (ECF No. 55), and Defendants filed a reply brief, (ECF No. 56). The Court has carefully considered the parties' submissions, and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court finds Plaintiff lacks Article III standing, and therefore, the Court does not have subject matter jurisdiction to hear this dispute. As such, Defendants' Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED** without prejudice.

I.     **BACKGROUND**

This putative class action arises out of Defendants' alleged violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.SC. § § 1692, *et seq*. On or about August 13, 2001,

Plaintiff obtained a credit card account with HSBC BANK NEVADA, N.A. ("HSBC"). (ECF

No. 54 at Ex. A.)[1] Thereafter, Plaintiff used the credit card to purchase goods and services

"primarily for personal, family and household purposes." ("Compl.," ECF No. 1. ¶¶ 22, 23).

Around April 2012, Plaintiff stopped making payments due on this credit card, incurring a debt

of $8,215.73. (Compl. ¶ 32; ECF No. 54 at Exs. A, B, C, and D.)  This debt amount of $8,215.73

did not include any interest. (*Id.*)  Thereafter, HSBC referred this debt to CACH. (Compl. ¶ ¶ 28,

29.)[2] Approximately four years later, on March 4, 2016, CACH obtained a default judgment (the

"Judgment") against Plaintiff in the Superior Court of New Jersey, Law Division, Monmouth

County, Special Civil Part ("Collection Court") in the amount of $8,272.73, which includes the

principal debt of $8,215.73 and $57.00 in court fees. (*Id.* ¶¶ 31, 32; ECF No. 54 at Exs. A, B, C,

and D.)

CACH referred the debt to Resurgent, who subsequently sent a debt collection letter (the

"Collection Letter") to Plaintiff dated March 25, 2021. (*Id.* ¶¶ 33–34.) By this point, the

Collection Letter referenced the amount of debt owed as $8,710.51. (ECF No. 42 at 2.) On May

27, 2021, Plaintiff's counsel sent Resurgent a letter with an offer to settle the debt for $4,800.

---

[1] Defendants attach as Exhibit A of their Motion to Dismiss, (ECF No. 54), the complaint (the "Collection Complaint"), also filed by Defendants, in the related state court proceedings in the Superior Court of New Jersey, Law Division, Monmouth County, Special Civil Part, Docket Number DC-001679-13 (the "Collection Action").

[2] CACH is a debt collector limited liability company. (Compl. ¶ 30.)

(ECF No. 54 at Ex. F.)[3] Defendants accepted Plaintiff's offer, thus resolving the matter for $4,800, a fraction of the Judgment Defendants had received against Plaintiff. (*Id.* at Ex. E.) On June 28, 2021, Plaintiff paid the discounted settlement amount of $4,800, which the parties agreed would result in the dismissal of the Collection Action. (*Id.*) Accordingly, on August 30, 2022, CACH filed a warrant to satisfy the Judgment in Collection Court. (*Id.*)

Within four months of Plaintiff resolving the Collection Action for a fraction of the Judgment, Plaintiff initiated a putative class action in this Court on October 21, 2021. (*See generally* Compl.) Plaintiff seeks to assert claims on behalf of all New Jersey Consumers and their successors in interest "who were sent debt collection letters and/or notices from the Defendant[s], in violation of the FDCPA." (*Id.* ¶ 14.) The one-count Complaint claims that Defendants violated several provisions of the FDCPA, including §§ 1692e and 1692g, by making false and misleading representations and failing to effectively convey the amount of the debt in the Collection Letter by reporting the debt owed as $8,710.51 without explaining if such an amount includes interest, costs, or fees. (*Id.* ¶¶ 55-71.) On October 30, 2023, Defendants filed the instant Motion. (ECF No. 54.)

For the reasons stated herein, the Court notes the subject Complaint borderlines on the frivolous. *See* Rule 11 Fed. R. Civ. P. 11(b)(2) (explaining that a party must certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); *see also Howe v. Litwark*, 579 F. App'x. 110, 115 (3d Cir. 2014) (noting Rule 11's central purpose is to deter baseless filings)).

---

[3] Defendants previously answered the Complaint. (ECF No. 12.) Thereafter, and prior to Defendants filing their Motion to Dismiss, Plaintiff and Defendants engaged in limited document discovery. (See ECF Nos. 22, 29, 31, and 39.)

## II.    **LEGAL STANDARD**

"The jurisdictional issue of standing can be raised at any time," either by the court or the parties. *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 280 (3d Cir. 2014) (*quoting United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997); *see also*, *Crisafulli v. Ameritas Life Ins. Co.,* No. 13-5937, 2015 WL 1969176, at *1 n.2 (D.N.J. Apr. 30, 2015) (noting that "because standing is a constitutional prerequisite for federal court jurisdiction, the issue of standing may be raised by the court" *sua sponte*.) Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint based on lack of subject matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack to the jurisdiction, because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

"A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). By contrast, in reviewing a factual attack, the court may weigh and consider evidence outside of the pleadings. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (*quoting Gotha v. United States,* 155 F.3d 176, 178-79 (3d Cir. 1997)).

### III.   **DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint for lack of standing, contending that Plaintiff fails to assert a concrete injury-in-fact. (ECF No. 54 at 6-13.) Specifically, Defendants claim that Plaintiff did not suffer any harm or adverse impact flowing from Defendants' alleged violation of the FDCPA. (*Id.* at 12-13.)  Plaintiff presents two arguments in opposition. *First,* Plaintiff argues that Defendants' Motion to Dismiss relies on evidence outside the Complaint in violation of Rule 12(b)(1). *Second,* Plaintiff contends that his informational injury qualifies as an injury-in-fact sufficient for Article III standing purposes. The court addresses both arguments in turn.

### 1.   12(b)(1) STANDARD

Plaintiff contends that Defendants' Motion to Dismiss relies on discovery "outside the proverbial four concerns of the Complaint." (ECF No. 55 at 7.) Under a motion to dismiss posture, Plaintiff claims Defendants can only rely on the contents of the Complaint and cannot reference any matters extraneous to the pleadings. (*Id.* at 8.) Accordingly, Plaintiff argues that Defendants inappropriately reference the Judgment in state court and Plaintiff's settlement letter offering to resolve his debt for an amount significantly less than the Judgment issued against him. (ECF No. 55 at 7-8.) Defendants respond that the Court may take judicial notice of the state court proceedings. (ECF No. 54 at 5-6.) In addition, Defendants argue that they can rely on the facts contained in the state court proceedings and Plaintiff's settlement letter, under a 12(b)(1) factual challenge to jurisdiction. (ECF No. 54 at 4-5.)

When presented with a motion to dismiss under Rule 12(b)(1), the Court can analyze an attack on the complaint in two ways: a facial attack or a factual attack. *See Mortensen*, 549 F.2d at 891. Under a facial attack, the Court is constrained to the "four corners of the Complaint." *In re*

*Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997). However, even when a facial attack is made, defendants can still consider documents outside the pleadings including "items subject to judicial notice." *Id.* at 1426. Specifically, "a court may take judicial notice of the record from a previous court proceeding between the parties." *Toscano v. Conn. Gen. Life Ins. Co.,* 288 Fed. App'x 36, 38 (3d Cir. 2008). Under a factual attack, on the other hand, the court may weigh and consider evidence outside of the pleadings. *Const. Party of Pennsylvania*, 757 F.3d at 358.

In the instant case, Plaintiff incorrectly characterizes Defendants' argument as a facial attack on jurisdiction, which would limit Defendants to the information in the Complaint. *See Mortensen*, 549 F.2d at 891. Given that Defendants answered the Complaint and discovery occurred, the Court construes the Motion to Dismiss as a factual attack on jurisdiction and may consider information outside the Complaint. *See Const. Party of Pennsylvania*, 757 F.3d at 358; *Frompovicz v. Niagara Bottling*, LLC, 313 F. Supp. 3d 603, 608 (E.D. Pa. 2018) ("[A] a defendant may mount a factual attack only after filing an answer."); *Mortensen*, 549 F.2d at 892 ("A factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted.").[4] Further, the Judgment obtained in the state court proceedings is properly judicially noticed, and can be referenced under a facial or factual attack on jurisdiction. *See Toscano,* 288 Fed. App'x at 38.

Plaintiff claims that the Collection Letter "would cause the least sophisticated consumer to be confused about his or her rights," as it did not specify whether the amount sought included

---

[4] The fact that the parties engaged in discovery does not waive Defendants subject matter jurisdiction argument. *See Blunt,* 767 F.3d at 280 (noting jurisdictional issue of standing can be raised at any point); *see also Schultz v. Midland Credit Mgmt.,* No. 16-4415, 2022 WL 3013082, at *1 (D.N.J. July 29, 2022) (granting summary judgment and dismissing FDCPA class action for lack of standing after class had already been certified).

interest. (ECF No. 54 at 2.) In response, Defendants reference Plaintiff's settlement letter, which he sent after receiving the Collection Letter. Defendants state that the settlement letter contradicts Plaintiff's claims in the Complaint that the Collection Letter confused him or frustrated his ability to act on the debt. *See Const. Party of Pennsylvania*, 757 F.3d at 358; *In re Burlington Coat Factory,* 114 F.3d at 1426; *see also Bazile v. Finance System of Green Bay, Inc.* 983 F. 3d 274, 279 (7th Cir. 2020) (permitting a factual attack on jurisdiction where the defendant "presents a factual assertion that conflicts with an inference one could reasonably draw from" plaintiff's complaint). As a result, under a factual attack, the Court may consider that Plaintiff's counsel sent Defendants a settlement letter after receiving the Collection letter, and that Plaintiff subsequently paid Defendants $4,800 to settle the debt. (ECF No. 54 at Exs. F and E.) This information, therefore, was properly included in Defendants' Motion.[5]

### 2.   INJURY-IN-FACT

Defendants move to dismiss Plaintiff's Complaint for lack of standing. Specifically, Defendants argue that Plaintiff suffered no injury-in-fact. (ECF No. 54 at 6-13.) Plaintiff argues that the Complaint properly alleges an injury-in-fact sufficient for standing under Article III. (ECF No. 55 at 3-9.) Plaintiff claims that under the objective least sophisticated debtor standard, the Collection Notice's silence on whether the debt amount included interest violated sections 1692g and 1692e of the FDCPA, and the misleading nature of the Collection Notice represents the injury-in-fact. (*Id.*)  Defendants respond that this alleged statutory violation is not a concrete injury for

---

[5] Plaintiff also argues that reference to the settlement letter violates Rule 408 of the Federal Rules of Evidence. (ECF No. 55 at 8.) Rule 408 prohibits the introduction of evidence that references settlement negotiations. The settlement letter, dated May 27, 2021, was sent by Plaintiff before the filing of the instant action and concerned the debt owed by Plaintiff to Defendants in the state court proceedings. (ECF No. 54 at Ex. F.)  As a result, reference to this settlement letter related to the state court proceeding is not a settlement letter in reference to the instant case, thus not in violation of Rule 408.

purposes of standing because Plaintiff never paid any accrued interest, and settled the debt for an amount significantly less than what was originally owed in the Judgment. (ECF No. 54 at 6-13.) As a result, Plaintiff only asserts a statutory violation – an injury-in-law not an injury-in-fact. (*Id.* at 11-13.) Thus, Defendants contend, Plaintiff insufficiently pleads standing under Article III.

"Standing is a question of subject matter jurisdiction." *Petroleos Mexicanos Refinancion v. M/T KING, A (Ex–Tbilisi)*, 377 F.3d 329, 224 (3d Cir. 2004). Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). A district court must have subject matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Article III [of the United States Constitution] confines the federal judicial power to the resolution of "Cases" and "Controversies." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). A district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen*, 511 U.S. at 377.

To establish standing, a plaintiff bears the burden of showing: "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision. *See Kelly v. RealPage Inc.,* 47 F.4th 202, 211 (3d Cir. 2022) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 590 (1992)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo Inc. v. Robins,* 578 U.S. 330, 338 (2016). At issue in the instant case is the first element of standing—injury-in-fact—and specifically, the requirement that the alleged injury be concrete—that is, "real" as opposed to "abstract," *TransUnion*, 141 S. Ct. at 2204 (quoting *Spokeo*, 578 U.S. at 340), "even in the context

of a statutory violation," *Spokeo*, 578 U.S. at 341. As such, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* Accordingly, "an injury in law is not an injury in fact." *TransUnion,* 141 S. Ct. at 2204.

In *TransUnion*, the Supreme Court held that statutory causes of action could not confer Article III standing unless the alleged injury-in-fact was "traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC*, 141 S. Ct. at 2205-06. In the context of FDCPA violations, district courts in the Third Circuit post-*TransUnion* have found that "a debt collection letter containing false and misleading information causes an injury…related to common-law fraud." *Lahu v. I.C. Sys., Inc.*, No. 20-6732, 2022 WL 6743177, at *8 (D.N.J. Oct. 11, 2022), *see also Madlinger v. Enhanced Recovery Co., LLC*, No. 21-154, 2022 WL 2442430, at *5 (D.N.J. July 5, 2022); *Vaughan v. Fein, Such, Kahn & Shepard, P.C.*, No. 21-16013, 2022 WL 2289560, at *5 (D.N.J. Jun. 24, 2022). Because the statutory cause of action is linked to common law fraud, to adequately plead an injury for purposes of Article III standing, "a plaintiff must allege some form of detrimental reliance on the representations made by a defendant in a collection letter." *Rohl v. Prof. Fin. Co., Inc.*, No. 21-17507, 2022 WL 1748244 at *4 (D.N.J. May 31, 2022).[6]

Applying the *TransUnion* principles to the instant case, Plaintiff fails to show any form of detrimental reliance on Defendants' representations. Plaintiff does not allege how Defendants' failure to state in the Collection Letter whether interest had accrued or that no further interest would accrue on the debt changed Plaintiff's conduct in a detrimental way. *See Huber*, 2022 WL

---

[6] When evaluating false or misleading representations in the course of debt collections, the Third Circuit analyzes such communications from the perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir. 2006). Under this standard, the Court considers "whether a debt collector's statement in a communication to a debtor would deceive or mislead the least sophisticated debtor." *Huber v. Simon's Agency, Inc.,* 84 F.4th 132, 150 (3d Cir. 2023) (quoting *Jensen v. Pressler & Pressler,* 791 F.3d 413, 418 (3d Cir. 2015)).

1801497 at *4 (E.D. Pa. Jun. 2, 2022) ("Adequacy of information harms for standing purposes therefore turns on a plaintiff's consequential action or inaction following receipt of a misleading or deceptive collection letter."). The informational statements in the Collection Letter are not an actual injury unless Plaintiff acted on them. *Id.* Plaintiff settled his debt for $4,800, significantly less than the original Judgment. (ECF No. 54 at Ex. F.) Even under the "least sophisticated debtor standard," the assertion that Plaintiff relied on the Collection Letter in a harmful manner given such a settlement strains the bounds of credulity to the point of contrivance and absurdity. *Kelly,* 47 F.4th at 211.[7]

Plaintiff likens the holdings in *Deutsch* and *Huber* to the instant case, arguing such cases support the finding of an informational injury for the Plaintiff. (ECF No. 54 at 1, 10.) Plaintiff argues that the misleading nature of the Collection Letter itself can create Article III standing, citing to *Deutsch v. D&A Servs., LLC*, 2023 WL 2987568 (3d Cir. April 18, 2023). In *Deutsch,* the Third Circuit explained that "a plaintiff has alleged an information injury sufficient to give rise to standing if she alleges '(1) the omission of information to which [she] claim[s] entitlement, (2) adverse effects that flow from the omission, and (3) the requisite nexus to the concrete interest Congress intended to protect' when it created a legal entitlement to the information at issue." *Id.* at *7-8 (quoting *Kelly v. RealPage Inc.*, 47 F.4th 202, 214 (3d Cir. 2022)). There, the court found that plaintiff had adequately asserted an informational injury where the adverse effect constituted plaintiff's inability to intelligently understand her right to dispute her debt due to defendants' allegedly misleading letter. *Id.* at *8.

---

[7] The Court also notes that in a class action, "[e]ach named plaintiff . . . must personally demonstrate standing independently of any claims brought on behalf of a putative class." *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, No. 19-2904, 2021 WL 5937742, at *6 (D.N.J. Dec. 16, 2021). Fitterer, as the only named plaintiff in this case, lacks standing, and thus the entire putative class action lacks standing as well.

Here, even under the guidance established in *Deutsch*, Plaintiff has not established what adverse effects he experienced by the alleged misleading information. *See LeVins v. Healthcare Revenue Recovery Grp., LLC,* No. 17-928, 2023 WL 416077 at *8 (D.N.J. Jan 26, 2023) (holding even if collection letter contains misleading, incorrect, or missing information, if the injury is merely informational but causes no adverse effects, plaintiff cannot establish Article III standing.); *see also Winter v. Resurgent Cap. Servs. L.P.*, No. 32-00772, 20203 WL 3431215 (D.N.J. May 12, 2023) (finding "in FDCPA actions relating to deceptive, misleading, and false information, the common thread in these cases is that informational injury that causes no adverse effects cannot satisfy Article III.").

In addition, the case at bar differs from *Huber,* where the Third Circuit affirmed the district court's holding that plaintiff had standing, not under the informational injury doctrine, but because "the financial harm [the plaintiff] suffered in reliance on the letters bears a 'close relationship' to the harm associated with the tort of fraudulent misrepresentation." *Huber v. Simon's Agency, Inc.,* 84 F.4th 132, 147 (3d Cir. 2023.) The Third Circuit agreed that the plaintiff's injury—receipt of deceptive collection letters—was a sufficiently apt analogue to the tort of fraudulent misrepresentation because § 1692e seeks to protect "essentially the same interests" of false and deceptive misrepresentation as the traditional cause of action for fraudulent misrepresentation. *Id.* at 148.  Notwithstanding the Third Circuit's holding that the plaintiff had standing based on this theory, the Third Circuit explained that the plaintiffs failed to show an informational injury because "confusion [from misrepresentations in the collection letters] alone does not constitute concrete injury." *Id.* at 141*; see also Perez v. I.C. Sys.*, 2022 WL 17991143 (D.N.J. Dec. 29, 2022) (noting that "confusion [resulting from misleading or unclear informational injuries] alone, without any concrete injury, is insufficient to confer standing…[because] no concrete injury is alleged that

flows from the allegedly misleading or incorrect information.").[8] Plaintiff alleges no more than confusion caused by Defendants' Collection Letter, and without more, insufficiently establishes standing under Article III.[9]

Further, even construing Defendants' Motion to Dismiss under a facial challenge, and thus only considering the facts of the Complaint in the light most favorable to him, the Court concludes that Plaintiff lacks Article III standing. Plaintiff fails to establish that he relied on the representations in the Collection Letter, as the Complaint is devoid of allegations that he detrimentally took a course of action due to his confusion or uncertainty that ultimately caused him some harm. *Huber*, 2022 WL 1801497, at *4. As such, Plaintiff's conclusory allegations that the least sophisticated consumer would be confused by the Collection Letter, without additional facts regarding actions or inactions taken by Plaintiff upon receipt, fail to establish standing. *See Lahu*, 2022 WL 6743177 at *9 (denying standing in an FDCPA case where "[t]he complaint is devoid of allegations that [plaintiff] detrimentally took a course of action due to her confusion or uncertainty that ultimately caused her some harm"); *Foley v. Medicredit, Inc.*, No. 21-cv-19764, 135422, 2022 WL 3020129, at *4 (D.N.J. July 29, 2022) (*quoting Kola v. Forster & Garbus LLP*, No. 19-cv-10496, 2021 WL 4135153, at *7 (S.D.N.Y. Sept. 10, 2021) ("merely receiving a letter from a debt collector that was confusing or misleading as to the amount owed does not demonstrate

---

[8] Plaintiff also complains that Defendants should have raised this issue earlier in the litigation. A party, or the Court, may raise standing at any time. *See Finkelman*, 810 F.3d at 193 (3d Cir. 2016); *Rohl*, 2022 WL 1748244 at *4 (D.N.J. May 31, 2022).

[9] "The weight of authority in this district finds that under *TransUnion*, confusion alone is not enough" to confer Article III standing. *Rodriguez-Ocasio v. I.C. System, Inc.*, 2022 WL 16838591 at *3 (D.N.J. Nov. 8, 2022); *see also Duncan v. Sacor Financial, Inc.*, No. 22-2742, 2022 WL 16722236, at *4 (D.N.J. Oct. 19, 2022) (noting that "approximately a dozen such cases [in the district] have concluded that *TransUnion* forecloses the finding of an injury in fact under circumstances" where a FDCPA plaintiff fails to allege a tangible downstream injury resulting from a misleading collection letter).

a harm closely related" to traditional harms such as those necessary to plead a cause of action such as fraudulent or negligent misrepresentation.).[10]

---

[10] Because Plaintiff fails to show any "adverse effects" or "downstream consequences," the Court is not required to address whether Plaintiff met the other criteria to allege an informational injury as outlined in *Kelly*— namely, whether Plaintiff "failed to receive required information." *Kelly*, 47 F.4th at 211. However, the Court briefly notes that Plaintiff's alleged injury is further weakened by his failure to establish – in the complaint or otherwise – that Defendants violated the FDCPA. Plaintiff argues that the cited provisions of the FDCPA require an itemized breakdown of debt and interest. While the Third Circuit has not weighed in on the matter, other circuits have found that no such right exists. *See Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 215 (2d Cir. 2018) ("we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e."); *Chuway v. Nat'l Action Fin. Serv., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004) ("If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED** without prejudice. Plaintiff may file an amended complaint that cures the deficiencies identified in this Opinion within thirty (30) days of the date of this Opinion. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2024

14